# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| DAVID WESLEY ERVIN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-00159-JMB |
| 34TH JUDICIAL CIRCUIT COURT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff David Wesley Ervin for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $4.11. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $20.56. The Court will therefore assess an initial partial filing fee of $4.11, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names the following defendants: the 34th Judicial Circuit Court; Judge Joshua Underwood; Judge Reeves; Andrew Lawson; Amy Pryor; and Josh Grubmeyers. Judge Underwood is sued in both his individual and official capacities. (Docket No. 1 at 3). Plaintiff does not indicate the capacity in which he is suing Judge Reeves, Lawson, Pryor, or Grubmeyers.

Plaintiff states that on June 25, 2019, in *State of Missouri v. Ervin*, No. 18 NM-CR01096-01 (34th Cir., New Madrid County), he was sentenced to ten years' imprisonment by the 34th Judicial Circuit Court of New Madrid County.[1] (Docket No. 1 at 3). He further states that this occurred "without a lawyer" and that "[a]ll defendants denied [him] a lawyer."

---

[1] Plaintiff's criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

3

In a memorandum attached to the complaint, plaintiff further explains that after he bonded out of jail, he was told that he was no longer entitled to a public defender. (Docket No. 1-3). However, plaintiff states that the bond money was not his. After he bonded out, plaintiff states that the court issued three more warrants for him: two for tampering, and one for driving while revoked. When he was taken into custody his bond was set at $200,000. However, "they still denied [him] a lawyer," and he remained in jail for a few months, going to court every two weeks. Plaintiff claims he was never given a hearing to show that he did not have the money for a lawyer. He also never said he wanted to be his own lawyer.

Plaintiff asserts that his ten year sentence was for selling methamphetamines, when all he did was sell "salt to the cop." (Docket No. 1 at 5). He alleges that if he had had an attorney, he would have received lesser charges.

Plaintiff is seeking $700,000 in damages for his "wrongful conviction."

## Discussion

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by not providing him a lawyer before he was convicted and sentenced in state court. For the reasons discussed below, plaintiff's case will be dismissed.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id.* at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id.* at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

4

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Thomas v. Eschen*, 928 F.3d 709, 711 (8th Cir. 2019) (stating that a claim for damages is not cognizable under 42 U.S.C. § 1983 if it would undermine a still-valid state criminal judgment); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (stating that "a prisoner should not be able to use a suit for damages to avoid established procedures, like habeas corpus, for challenging the lawfulness of the fact or length of confinement").

Here, plaintiff asserts that defendants denied him a lawyer, and that he pleaded guilty and was sentenced without the assistance of an attorney. Plaintiff claims this resulted in a violation of his right to counsel and resulted in his "wrongful conviction." These allegations necessarily imply the invalidity of his conviction and sentence. However, plaintiff has not demonstrated that his state court judgment has been invalidated. That is, he has not established that his criminal case "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

5

writ of habeas corpus." Therefore, plaintiff has no cause of action under § 1983, and his complaint must be dismissed.[2]

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 5). The motion will be denied as moot as this action is being dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $4.11 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 5) is **DENIED AS MOOT**.

---

[2] *Heck* notwithstanding, plaintiff's complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The claim against the 34th Judicial Circuit Court must be dismissed because it is immune from suit. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (stating that "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment"). Judge Underwood and Judge Reeves are entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (stating that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). As to defendants Lawson, Pryor, and Grubmyers, plaintiff has failed to indicate the capacity in which they are sued. Because the complaint is silent as to capacity, Lawson, Pryor, and Grubmyers are assumed to be sued in an official capacity only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that if a complaint is silent as to capacity, it is interpreted as including only official capacity claims). An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Plaintiff, however, has failed to present any claims against the governmental entity that employs Lawson, Pryor, or Grubmyers. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (stating that liability against a governmental entity may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise"). Even if plaintiff had sued Lawson, Pryor, and Grubmyers in their individual capacities, he has failed to allege any facts showing they are personally responsible for a deprivation of his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"); and *Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (stating that a plaintiff must allege facts connecting the defendant to the challenged action).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE